UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| DUSTIN M. GRAMMER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No.  16-cv-1225 |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

### O R D E R  &  O P I N I O N

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, filed on June 20, 2016. (Doc. 1). In 2012, Petitioner was convicted of conspiracy to manufacture and distribute methamphetamine, in violation of 21 U.S.C. §§ 841 and 846, upon a plea of guilty. (Judgment, *United States v. Grammer*, No. 12-cr-10015-003 (C.D. Ill. 2000), Doc. 119 at 1). He was sentenced to a term of lifetime imprisonment. (*Id.* at 2). This sentence was later reduced to 171 months pursuant to a retroactive change in his sentencing guideline range. (Doc. 202, 12-cr-10015-003).

The Court initially calculated a guideline imprisonment range of 262 months to 327 months of imprisonment, based on a total offense level of 34 and a criminal history category of VI.[1] (Presentence Report, No. 12-cr-10015-003, Doc. 117 at 25). The Court's calculation of Petitioner's total offense level included a career offender

---

[1] The Presentence Report indicated that "the statutorily required minimum sentence of life is greater than the maximum of the applicable guideline range," and ultimately concluded that Petitioner's guideline term of imprisonment is life." (Presentence Report, No. 12-cr-10015-003, Doc. 117 at 25).

enhancement pursuant to U.S.S.G. § 4B1.1. Defendants can be sentenced as career offenders if they have two or more previous felony convictions for a crime of violence. U.S.S.G. § 4B1.1(a). The Court concluded that Petitioner qualified as a career offender on two convictions: a domestic battery conviction in Tazewell County, Illinois in 1999 and a second domestic battery conviction in Tazewell County, Illinois in 2005. (Presentence Report, No. 12-cr-10015-003, Doc. 117 at 11).

In the present motion, Petitioner argues that neither conviction qualifies as a crime of violence in the aftermath of *Johnson v. United States*, 135 S. Ct. 2551 (2015). (Doc. 1 at 4, 5). Therefore, he asks to be resentenced.

The Seventh Circuit has considered the question of whether an Illinois conviction for domestic battery qualifies as a crime of violence. *See, e.g., United States v. Waters*, No. 15-2728, 2016 WL 3003352 (7th Cir. May 24, 2016); *De Leon Castellanos v. Holder*, 652 F.3d 762 (7th Cir. 2011). In *De Leon Castellanos*, the Court explained that Illinois domestic battery is committed either by "(1) intentionally causing bodily harm to any family or household member, 720 Ill. Comp. Stat. § 5/12-3.2(a)(1); or (2) making physical contact of an insulting or provoking nature with any family or household member, *id*. § 5/12-3.2(a)(2)." 652 F.3d at 763. A felony conviction for intentionally causing bodily harm to any family or household member can serve as a basis for finding that a defendant is a career offender. *See Waters*, 2016 WL 3003352 at *2 (discussing the elements of a § 5/12-3.2(a)(1) domestic battery conviction). However, a conviction for "making physical contact of an insulting or provoking nature with any family or household member" is not categorically a crime of violence because "it does not require violent physical

2

force as an element." *De Leon Castellanos*, 652 F.3d at 766 (discussing the elements of a § 5/12-3.2(a)(2) domestic battery conviction).

Petitioner's Presence Report does not explicitly specify whether he was convicted of domestic battery under § 5/12-3.2(a)(1) or § 5/12-3.2(a)(2). It describes the 1999 conviction for domestic battery as follows: "[Petitioner] knowingly and without legal justification [] caused bodily harm to [a family or household member]." (Presence Report, No. 12-cr-10015-003, Doc. 117 at 14). It uses similar language to describe the 2005 conviction for domestic battery. (*Id.* at 17). Although it seems likely that Petitioner was convicted pursuant to § 5/12-3.2(a)(1), the Court cannot determine that his claim is without merit at this time.

Pursuant to 28 U.S.C. § 2255 and Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court has considered the grounds set forth in Petitioner's Motion. In light of the above discussion, it cannot find they are without merit.  Therefore, Respondent is ordered to respond to the Motion.

IT IS THEREFORE ORDERED:

1. The Clerk SHALL serve a copy of the Motion (Doc. 1) upon Respondent pursuant to Rule 3(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

2. Respondent SHALL file an answer, motion, or other responsive pleading within fifty-six days after service of this Order. Respondent should address any facts that would establish whether Petitioner's claims are untimely or procedurally barred. In addition, Respondent should address the merits of Petitioner's

3

constitutional claims and otherwise fully comply with Rule 5 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

3. Petitioner MAY file a reply to Respondent's response within twenty-eight days of being served with the response.

4. Petitioner SHALL serve upon the United States Attorney's office a copy of every further pleading or other document submitted for consideration by the Court.

Entered this 21st day of June, 2016.

                                              s/Joe B. McDade
                                              JOE BILLY McDADE
                                        United States Senior District Judge