UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| DUSTIN M. GRAMMER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No.  1:16-cv-01225-JBM |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## OPINION & ORDER

The matter before the Court is Petitioner, Dustin M. Grammer's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Doc. 1). Petitioner was convicted for conspiracy to manufacture and distribute methamphetamine. Because Petitioner had two prior convictions for domestic battery, he qualified as a career offender under the Sentencing Guidelines and is currently serving a sentence of 171 months' imprisonment. Petitioner argues that under the Supreme Court's holdings in *Johnson v. United States*, 135 S. Ct. 2251 (2015), and *Welch v. United States*, 136 S. Ct. 1257 (2016), his domestic battery convictions do not qualify as crimes of violence; therefore, he alleges his sentence is unlawful. For the reasons stated below, Petitioner's motion is DENIED.

There are three additional pending motions that also need to be resolved. First, Petitioner moved for an extension of time to respond to the Court's request for supplemental briefing. (Doc. 6). Because the Court can resolve the matter without the supplemental briefing, the motion is DENIED. Second, Petitioner moved for an

appointment of counsel. (Doc. 6) However, Petitioner offered no proof that he had attempted to find counsel on his own; therefore, Petitioner's motion is DENIED. Third, Respondent moved to stay consideration of the motion pending the Supreme Court's anticipated decision in *Beckles v. United States*. (Doc. 5). Because Petitioner's § 2255 Motion is not affected by the issues in *Beckles*, Respondent's Motion to Stay is DENIED.

## BACKGROUND

On August 14, 2012, Petitioner pleaded guilty to Conspiracy to Manufacture and Distribute Methamphetamine, in violation of 21 U.S.C. §§ 841 and 846. (Judgment, *United States v. Grammer*, No. 12-cr-10015-003 (C.D. Ill. 2000), Doc. 119 at 1). The plea agreement included several waivers, including a waiver of Petitioner's right to challenge his sentence by a collateral attack. (Plea Agreement and Stipulation of Facts, Doc. 70 at 5-7, No. 12-cr-10015-003). He was originally sentenced to lifetime imprisonment. (Judgment, Doc. 119 at 2, No. 12-cr-10015-003). This was later reduced to 171 months pursuant to a retroactive change in his sentencing guideline range. (Amended Judgment Reducing Sentence, Doc. 202, No. 12-cr-10015-003).

The sentence was based off of the Court's calculated guidelines range of 262 months to 327 months of imprisonment, based on a total offense level of 34 and a criminal history category of VI.[1] (Presentence Report, No. 12-cr-10015-003, Doc. 117

---

[1] The Presentence Report indicated that "the statutorily required minimum sentence of life is greater than the maximum of the applicable guideline range," and ultimately concluded that Petitioner's guideline term of imprisonment is life." (Presentence Report, No. 12-cr-10015-003, Doc. 117 at 25).

at 25). The Court's calculation of Petitioner's total offense level included a career offender sentence enhancement. The Court concluded that Petitioner qualified as a career offender because of two prior convictions: a domestic battery conviction in Tazewell County, Illinois in 1999 and a second domestic battery conviction in Tazewell County, Illinois in 2005. (Presentence Report, No. 12-cr-10015-003, Doc. 117 at 11). Both convictions for domestic battery were for violations of subsection (1) of Illinois's statute, which states: "a person commits domestic battery if he or she knowingly without legal justification by any means causes bodily harm to any family or household member," in violation of 720 ILCS § 5/12-3.2(a)(1). (Doc. 4-1; Doc. 4-2).

On June 20, 2016, Petitioner filed Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Doc. 1). Petitioner brought forth one argument: that "My 4B1.1 enhancement is under [the] residual clause [and] is now not usable." (Doc. 1 at 4).[2] Petitioner alleged that his sentence was unlawful because of the recent United States Supreme Court's decisions in *Johnson v. United States*, 135 S. Ct. 2251 (2015), and *Welch v. United States*, 136 S. Ct. 1257 (2016). (Doc. 1).

On June 21, 2016 the Court found on initial review that Petitioner's claim was not wholly without merit; therefore, the Court required the government to respond. (Doc. 3). The Respondent filed its Response on June 28, 2016. (Doc. 4). The Respondent made four claims: 1) that *Johnson* cannot be applied to the United States Sentencing Guidelines on collateral review, 2) that Petitioner had procedurally

---

[2] Petitioner listed three "grounds" for habeas. However, all three grounds are that his sentence was enhance under the residual; therefore, despite listing three grounds, Petitioner is only making one argument.

3

defaulted this argument, 3) that Petitioner had waived his right to collaterally attack his sentence, and 4) that Petitioner's claim was meritless because he had been convicted as a career offender under the force clause. *Id*. Petitioner had twenty-eight days to reply to the Response. Petitioner did not file a reply, nor did Petitioner seek an extension of time to file a response. Additionally, Petitioner did not request counsel at this time.

On August 29, 2016, the United States Court of Appeals for the Seventh Circuit issued an opinion in *United States v. Hurlburt*, No. 14-cr-62-JDP, 2016 U.S. App. LEXIS 15963. In *Hurlburt*, the Seventh Circuit found on direct review that the Sentencing Guideline's residual clause, under U.S.S.G. § 4B1.2, was void for vagueness under *Johnson*. *Id*. On September 15, 2016, the Court issued a text order requesting that the parties address whether *Hurlburt* applied to Petitioner's § 2255 Motion. On September 19, Respondent filed supplemental briefing arguing that *Hurlburt* did not apply and moved for a stay of the proceedings if the Court could not resolve the case on "procedural, waiver, or merits grounds." (Doc. 5). On September 29, 2016, Petitioner moved for a ninety day extension to respond to the Court's *Hurlburt* text order and to request counsel. (Doc. 6).

**LEGAL STANDARDS**

Under 28 U.S.C. § 2255, a federal prisoner may challenge a sentence:

> "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."

4

§ 2255(a). However, § 2255 relief is appropriate only for errors of law that are 1) jurisdictional, 2) constitutional, or 3) constitute a "fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Garcia*, No. 3:13-cr-52-JD, 2016 U.S. Dist. LEXIS 97000 (N.D. Ind. July 25, 2016) (citing *Harris v. United States*, 366 F.3d 593, 594 (7th Cir. 2004). A § 2255 motion is not a substitute for a direct appeal. *Id.* (citing *Olmstead v. United States*, 55 F.3d 316, 319 (7th Cir. 1995); *see also Bousley v. United States*, 523 U.S. 614, 621 (1998) (rejecting the use of habeas as a direct appeal).

## DISCUSSION

### I. SECTION 2255 MOTION

Petitioner's § 2255 Motion is denied for two separate reasons, both of which support the denial of his motion. First, Petitioner waived his right to collateral review.[3] Second, even if Petitioner had not waived his right to collateral attack, Petitioner's two prior convictions are considered "crimes of violence" under the force clause, which is distinct from the residual clause. Therefore, they support Petitioner's sentence enhancement for being a career offender. Because both of these issues are dispositive, the petition is denied.

### A. WAIVER

Additionally, the Petitioner's Motion is denied because the Petitioner waived his right to collateral review. "A defendant may validly waive both his right to a direct appeal and his right to collateral review under § 2255 as part of his plea agreement."

---

[3] Respondent brought forth four arguments for denying Petitioner's Motion. However, the Court finds it unnecessary to address either of the other two arguments because the convictions under the force clause and the waiver arguments are dispositive.

*Keller v. United States*, 657 F.3d 675, 681 (7th Cir. 2011). Waivers of direct appeal and collateral appeal are generally enforceable. *Hurlow v. United States*, 726 F.3d 958, 964 (7th Cir. 2013). The Seventh Circuit has recognized few exceptions to the general enforceability, which include: involuntary plea agreements, the district court's reliance on an impermissible factor (like race), the sentence exceeds the statutory maximum, or the defendant claims ineffective assistance of counsel during the negotiation of the plea agreement. *Keller*, 657 F.3d at 681 (citations omitted). None of these exceptions appear to apply.

Petitioner's plea agreement contained a page-long waiver of collateral review. The waiver states that:

> "Understanding those rights, and having thoroughly discussed those rights with the defendant's attorney, the defendant knowingly and voluntarily waives his right to collaterally attack the conviction and/or sentence . . . . The rights waived by the defendant include his right to challenge the amount of any fine or restitution, in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255, excepting only those claims which relate directly to the negotiation of this waiver itself."

No. 12-cr-10015-003 (Doc. 70). The terms of the waiver clearly include Petitioner's present motion to challenge his sentence under § 2255. Petitioner has offered no challenge to the validity of the waiver. Nor has Petitioner alleged that he did not knowingly and voluntarily plead. Additionally, Petitioner has not alleged that any of the exceptions to the waiver should apply. Therefore, the Court finds that the waiver in Petitioner's plea agreement is valid. Because Petitioner's current motion falls within the scope of the waiver and no exception applies, Petitioner's motion is barred by his plea agreement and must be denied.

### B. CRIME OF VIOLENCE

Even if Petitioner had not waived his right to collateral appeal, the Court denies Petitioner's § 2255 motion because he was deemed a career offender under the force clause of the Guidelines. Because the force clause is distinct from the residual clause, neither *Johnson* nor *Hurlburt* affect Petitioner's career offender status. Therefore, Petitioner's sentence is lawful and his Petition is denied.

A defendant is subject to the career offender sentence enhancement if the defendant meets all three requirements of U.S.S.G. § 4B1.1. Those three requirements are:

1. The Defendant is at least eighteen years old at the time of the current offense.
2. The offense is a felony that is either a crime of violence or a controlled substance offense.
3. The Defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

*Id*. The Petitioner meets the first two requirements. Petitioner was at least 30 years old in 2009 when the conspiracy—his current offense—began. (Presentence Report, No. 12-cr-10015-003, Doc. 117 at 3-4). Additionally, Petitioner's current charge was for Conspiracy to Manufacture and Distribute Methamphetamine, which is a controlled substance offense. *Id*. at 2.

Therefore, Petitioner's status as a career offender turns on whether his prior two felonies are "crimes of violence." Section 4B1.2(a) of the Sentencing Guidelines defines a "crime of violence" as:

"any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that –

> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
> (2) is burglary of a dwelling, arson, or extortion, involves the use of explosive, or otherwise involves conduct that presents a serious potential risk of physical injury to another."

U.S.S.G. § 4B1.2. Subsection (1) is known as the *force clause*. Subsection (2)'s language which states a crime of violence is one that "otherwise involves conduct that presents a serious potential risk of physical injury to another" is known as the *residual clause*. The subsections are separate clauses. If the conviction qualifies under either subsection, then it is deemed a "crime of violence."

Petitioner's two prior felony convictions were for Illinois's domestic battery statute, which constitutes a crime of violence under the force clause of the Sentencing Guidelines. Illinois's domestic battery statute constitutes of two sections:

> "A person commits domestic battery if he or she knowingly without legal justification by any means:
> (1) causes bodily harm to any family or household member;
> (2) makes physical contact of an insulting or provoking nature with any family or household member."

720 ILCS § 5/12-3.2(a). Binding Seventh Circuit precedent holds that "a conviction for domestic battery under Illinois law necessarily requires proving physical force" and is therefore a crime of violence. *United States v. Waters*, 823 F.3d 1062, 1064 (7th Cir. 2016) (affirming cases holding a conviction of domestic battery under § 5/12-3.2(a)(1) as a crime of violence).

Petitioner has been convicted of domestic battery under § 5/12-3.2(a)(1) twice. On February 24, 1999, Petitioner pleaded guilty to domestic battery in violation of § 5/12-3.2(a)(1). (Doc. 4-1 at 3-9). Then, on December 19, 2005, Petitioner pleaded guilty to a second domestic battery charge in violation of § 5/12-3.2(a)(1). (Doc. 4-2 at 3-6).

Because both of Petitioner's convictions for domestic violence were for violations of § 5/12-3.2(a)(1), both of his convictions are crimes of violence. Therefore, the third career offender requirement is met and the sentence enhancement was lawful.

Petitioner argues that his career offender status is unlawful under the Supreme Court's decisions in *Johnson* and *Welch*. In *Johnson*, the United States Supreme Court held that the *residual clause* of the Armed Career Criminal Act was unconstitutionally void for vagueness. 135 S. Ct. at 2563. In *Welch*, the United States Supreme Court held that *Johnson* was a substantive change that could be applied retroactively on collateral attacks. 136 S. Ct. at 1265. Since *Johnson* and *Welch*, courts have grappled with whether other identically worded residual clauses, which appear in other statutes, are also void for vagueness. *Hurlburt*, 2016 U.S. App. LEXIS 15963 at *20 (collecting cases). In *Hurlburt*, the United States Court of Appeals for the Seventh Circuit applied *Johnson* to the residual clause of the Sentencing Guidelines and held that it was void for vagueness. *Id*. This meant that the career offender status was unlawful for offenders whose prior two convictions were deemed "crimes of violence" under the *residual clause*.

Petitioner's argument fails because his prior convictions are "crimes of violence" under the *force clause*, not the *residual clause*. Therefore, *Johnson*, *Welch*, and *Hurlburt* have no effect on Petitioner's sentence. *United States v. Smith*, No. 15-20021-001 (7th Cir. Oct. 7, 2016) (explaining that neither *Johnson* nor *Hurlburt* effects convictions under the force clause)[4]; see also *Waters*, 823 F.3d at 1064 (citing

---

[4] The Seventh Circuit opinion refers to the force clause as the "elements clause." It is the same clause.

9

*People v. Mays*, 437 N.E.2d 633, 635-36 (Ill. 1982)) (explaining that a conviction of Illinois's domestic battery statute was unaffected by Johnson because it is a "crime of violence" under the force clause). Therefore, a conviction for domestic battery under § 5/12-3.2(a)(1) is clearly a "crime of violence" under the Sentencing Guidelines and will qualify an individual for career offender sentencing enhancements.

## II. MOTION TO STAY

Respondent's Motion to Stay the Proceedings is denied because the outcome of *Beckles v. United States* will not affect the outcome of these proceedings. Respondent requested that if the court could not currently resolve the matter on "procedural, waiver, or merits grounds" that the Court should stay the proceedings pending *Beckles v. United States*. (Doc. 5). The Supreme Court has granted certiorari in *Beckles v. United States* to determine several issues, including: whether *Johnson's* constitutional rule applies to the Guidelines and whether *Johnson* applies retroactively on collateral review to sentences enhanced under the residual clause of the Guidelines. No. 15-8544, 2016 U.S. LEXIS 4142, 2016 WL 1029080 (June 27, 2016); Petition for Writ of Certiorari, *Beckles v. United States*, No. 15-8544 (Mar. 9, 2016).

However, the outcome of *Beckles* will not affect the outcome of the matter at bar. *Beckles* pertains to the residual clause, but Petitioner was convicted as a career offender under the force clause—not the residual clause. Therefore, even if the Supreme Court finds that *Johnson* applies on collateral attack to the residual clause of the United States Sentencing Guidelines, it cannot save Petitioner. Because

10

*Beckles* will not affect the outcome of this case, a stay is unwarranted and Respondent's motion is denied.

### III. MOTION FOR COUNSEL

Petitioner's Motion for Counsel is denied because he has made no attempts to acquire counsel. In his Motion to Request Counsel, Petitioner requested that the Court appoint him counsel. (Doc. 6). A civil litigant is not entitled to a court-appointed attorney. *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). However, the Court may request an attorney to represent an indigent litigant. 28 U.S.C. § 1915(e)(1). The decision of whether to appoint counsel is generally left to the discretion of the Court. *Wilson v. Duckworth*, 716 F.2d 415, 418 (7th Cir. 1983). However, the litigant must first show that he made a reasonable attempt to acquire counsel without Court intervention. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). If the litigant has made the proper attempt, the Court considers whether, "given the difficulty of the case," he appears able to litigate it himself, and, if not, whether appointed counsel would be "reasonably likely to alter the outcome." *Id.* at 655-56, 660. In this case, Petitioner has not demonstrated that he made a reasonable attempt to acquire counsel without Court intervention. For that reason, the Court denies his request. *See id.* at 654.

### IV. MOTION TO EXTEND TIME

Petitioner's Motion to Extend Time to File a Response to the Court's Order is denied as unnecessary.[5] Upon the release of *United States v. Hulburt*, the Court

---

[5] Petitioner has never moved for an extension to reply to Respondent's Response. The Response was file on June 28, 2016. (Doc. 4). A failure to reply to a respond can be deemed a waiver. *United States v. Farris*, 532 F.3d 615, 619 (7th Cir. 2008).

11

issued a text order allowing the parties to provide supplemental briefing on how *Hulburt* may affect the case at bar and gave the parties three weeks to respond. On September 29, 2016, Petitioner requested three months to respond to the Court's text order. However, as explained above, *Hulburt* does not have an effect on the case at bar. Therefore, an extension of 90 days to respond to *Hurlburt* is unnecessary because it cannot effect the outcome of this case. An extension will only delay the inevitable. Petitioner's motion is denied.

### V. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A court may only issue a certificate of appealability "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c); Rule 11, Rules Governing Section 2255 Proceedings for the United States District Courts. A "substantial showing" is met when a "reasonable jurist could debate whether (or, for that matter, agree that) the petition should be resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (omitting citations). A petitioner need not show that the appeal will succeed, but he must show "'something more than the absence of frivolity' or the existence of mere 'good faith'" on his part. *Miller-El v. Cockrell*, 537 U.S. 322, 337-38 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). If the district court denies the request, a petitioner may request that a circuit judge issue the certificate. Fed. R. App. P. 22(b)(1).

Consistent with the discussion above, the Court finds that no reasonable jurists would differ on the Court's treatment of Petitioner's 2255 motion. Therefore, the Court declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

## CONCLUSION

For the above mentioned reasons, Petitioner's § 2255 Motion (Doc. 1) is DENIED. Respondent's Motion for Stay (Doc. 5) is DENIED. Petitioner's Motion for Extension of Time (Doc. 6) is DENIED. Petitioner's Motion for Counsel (Doc. 6) is DENIED. The Court DECLINES to issue a certificate of appealability. CASE IS TERMINATED. Clerk is requested to mail plaintiff a copy of this order.

Entered this _17th_ day of October, 2016.

                                                             s/ Joe B. McDade
                                                             JOE BILLY McDADE
                                       United States Senior District Judge